such offer and acceptance was a bar to a recovery of the balance of the claim sued on.

Appeal from trial term.

Action by Julius Frendenheim against Julia Raduziner. From a judgment directed for plaintiff on a trial by the court without a jury, defendant appeals. Reversed.

Argued before VAN WYCK, J., and CONLAN, J.

W. F. Severance, for plaintiff.

A. H. Berrick, for defendant.

VAN WYCK, J.    The alleged cause is goods sold and delivered to defendant, of agreed price of $728.97; and the answer specifically admits this, and alleges that the defendant paid plaintiff on account thereof $560, by her certain promissory notes.    The defendant, with her answer, served on October 20, 1894, a written offer to allow judgment for $170, interest, costs, and disbursements; and the plaintiff thereafter, on October 24th, served a written acceptance of this offer, and upon November 2d he entered judgment upon this offer and his acceptance thereof for $192.28.    However, before entry of this judgment, plaintiff obtained, on November 1st, an order permitting him to enter judgment for $170, with interest and costs, and to continue his action for the recovery of the balance.    Appellant contended at trial that this offer of judgment, acceptance thereof, and the entry of judgment thereon, was a bar to plaintiff's recovery of the balance of his claim in this action; and this contention seems correct, for the court had no right to grant this order of severance, upon the facts as disclosed in the papers upon which it was obtained.    Appellant's counsel contends "that if defendant's contention be sustained the result will necessarily be that plaintiff will lose $550 of a debt admitted to be just, and for which plaintiff holds defendant's notes" (this is not so, for he still can sue on the notes), "and, in addition, that the plaintiff will be mulcted in a large sum for costs."    But even so; this will be due to the mistaken practice of his counsel; and moreover, if plaintiff's contention is sustained, the defendant will be mulcted in costs, and not because of any mistake made by her or her counsel.    The judgment should be reversed, and new trial granted, with costs to appellant to abide the event.

---

(10 Misc. Rep. 502.)

PEARCE & MILLER ENGINEERING CO. v. BROUER et al.

(City Court of New York, General Term.    December 17, 1894.)

NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDERS.
    The transferee of a note before maturity as collateral security for a loan made in good faith is a bona fide holder to the extent of the loan.

Appeal from trial term.

Action by the Pearce & Miller Engineering Company against George H. Brouer and George McGown on a promissory note. From a judgment entered on a verdict directed by the court in favor of plaintiff, defendants appeal.    Affirmed.

Argued before CONLAN, VAN WYCK, and FITZSIMONS, JJ.

Cantor & Van Schaick, for appellants.
John F. Booth, for respondent.

CONLAN, J. The question presented on this appeal is whether the plaintiff was the bona fide holder of the note in suit to the extent of the money actually advanced upon it, and for which it was held by him as collateral security. The transfer of a negotiable promissory note before maturity as collateral security for moneys advanced constitutes the transferee a bona fide holder when the loan or advance was made in good faith. Brookman v. Metcalf, 32 N. Y. 596; Bank v. Hoge, 35 N. Y. 65. If the holder of such paper has paid but a part of the consideration or value, he is entitled to be considered a bona fide holder pro tanto (Huff v. Wagner, 63 Barb. 215), and may recover his actual payment (Williams v. Smith, 2 Hill, 301). The evidence of the plaintiff, by William H. Stalmaker, its secretary and treasurer, is to the effect that about the 23d or 24th of December, 1892, one Mr. Starr, who was then indebted to the plaintiff for moneys previously advanced, in the sum of $385, brought to plaintiff the note in suit, "dated Dec. 12, 1892, whereby defendants promised to pay to the order of themselves, three months after date, $1,000, value received," signed "Brouer & McGown," and also indorsed "Brouer & McGown," and wanted a further advance of $75, which plaintiff let him have, upon receiving the note as collateral security for the $385 previously owing and for the $75 then advanced. The note was not paid at maturity, and the plaintiff, by producing the note on the trial, established a prima facie right to recover the $75 actually advanced on the faith of the security. The defendants introduced evidence to show that the note was made without consideration, and delivered to Mr. Starr. the person who pledged same with plaintiff, to be procured to be discounted, and the avails turned over to the defendant. This evidence tended to show a diversion of the note, and imposed upon the plaintiff the burden of showing good faith. This was a question which properly belonged to the jury; but, inasmuch as both plaintiff's and defendants' counsel asked for a direction at the close of the case, they waived the right to have the questions of fact passed upon by the jury, and, as there is evidence to sustain the direction of the court below, the judgment must be affirmed, with costs. All concur.